UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID HENRY,

    Plaintiff,

v.

NIKIBONGNI FONDUNGALLAH,
REBECCA F. SCHIHLER, SARAH J.B.
ADAM, CURT TRISKO, ATTORNEYS FOR
FEDERAL NATIONAL MORTGAGE
ASSOCIATION FIRST JUDICIAL DIST
COURT FILE 19HA-CV-12-4959,

    Defendants.

Civil No. 12-2776 (DSD/JJK)

**REPORT AND RECOMMENDATION**

    Plaintiff commenced this action on October 31, 2012, by filing a civil complaint, and an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined Plaintiff's submissions, and determined that his complaint was inadequate. Therefore, in an order dated November 1, 2012, (Docket No. 4), the Court directed Plaintiff to file an amended complaint. The order expressly notified Plaintiff that if he did not file a new pleading by November 30, 2012, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

    Plaintiff subsequently requested an extension of the deadline to amend. (Docket No. 5.) That request was granted by a second order dated November 30, 2012, (Docket No. 6), which extended the deadline for filing an amended complaint to December 28, 2012.

    The extended deadline for filing an amended complaint has now expired, and

Plaintiff has not yet complied with the Court's prior orders. Plaintiff still has not filed a viable pleading, nor has he offered any excuse for his failure to do so. Therefore, the Court will now recommend, in accordance with the original order entered in this matter, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be dismissed, the Court will further recommend that Plaintiff's pending IFP application be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 6, 2013

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 21, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the

basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.